IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ESTANILAO FLORES | § | |
| | § | |
| v. | § | C.A. NO. C-10-305 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## OPINION AND ORDER DISMISSING PETITION

Petitioner is a federal inmate currently incarcerated at the Federal Correctional Institute Schuylkill in Minersville, Pennsylvania.  Proceeding pro se, he filed this habeas petition pursuant to 28 U.S.C. § 2241.  After he consented, (D.E. 20), the matter was referred to a magistrate judge to conduct all further proceedings.  (D.E. 23); see also 28 U.S.C. § 636(c).

On July 30, 2004, after entering a guilty plea to possession of cocaine with intent to distribute, Petitioner was sentenced by this Court to 120 months in federal prison.  United States v. Flores, CR-04-153 (S.D. Tex.).

Petitioner filed a motion on September 20, 2010 purporting to challenge his deportation.  (D.E. 1).  He filed an amended petition on February 22, 2011 seeking relief pursuant to 28 U.S.C. § 2241.  (D.E. 21).  In it, he clarifies that he is seeking a declaration that his conviction is void because his defense counsel rendered ineffective assistance by failing to notify him that a guilty plea carried with it the risk of deportation.  Id. at 3-6.  As authority, Petitioner relies upon Padilla v. Kentucky, __ U.S. __, 130 S. Ct. 1473 (2010), a Supreme Court decision handed down after his conviction.  Id. at 3.

If Petitioner's motion is in fact properly filed pursuant to 28 U.S.C. § 2241, as he believes, this Court has no jurisdiction to entertain the claim and it must be dismissed.  Such petitions must be filed in the district where the petitioner is incarcerated.  See Rumsfeld v.

Padilla, 542 U.S. 426, 443 (2004).  Because Petitioner is currently confined at FCI Schuylkill, in Minersville, Pennsylvania, (D.E. 21, at 7), any § 2241 petitions should be filed in the Middle District of Pennsylvania.  28 U.S.C. § 118(b).

Nevertheless, although Petitioner styles his filing as a § 2241 petition, the claims he enunciates appear better suited to a motion filed pursuant to 28 U.S.C. § 2255.  See United States v. Chapa, 394 F. App'x 53, 54 (5th Cir. 2010) (per curiam) (unpublished) (implying that § 2255 is a proper vehicle for an ineffective assistance of counsel claim lodged by a federal inmate and based on Padilla); United States v. Mothon, No. 10-1526, 2011 WL 118190, at *1 (3d Cir. Jan. 14, 2011) (unpublished) (holding same).  Section 2255 motions must be brought in the sentencing court.  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (citation omitted).

Regardless of whether he is seeking relief pursuant to § 2241 or § 2255, there is no jurisdiction for this action.  Accordingly, the petition, (D.E. 1, 21), is dismissed without prejudice.  Petitioner is instructed to re-file pursuant to 28 U.S.C. § 2255 in his criminal case, United States v. Flores, CR-04-153 (S.D. Tex.), or challenge his deportation proceedings through 28 U.S.C. § 2241 in the Middle District of Pennsylvania.

ORDERED this 28th day of February 2011.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

2